Lipscomb, J.
The sole ground of the plaintiffs’ right of action rests on their liability as the securities of Jones in the administration bond, and their reasonable apprehension that that liability will be enforced, and that id will fall on them to satisfy the judgment of Cartwright against their principal, the administrator. If they are not”liable they have no canse of action, and this liability will be tested by the application of the law to the facts disclosed in their xx'tition.
This question was fully discussed and decided by this court in the case of Howth v. Flores, at the December Term of this court, A. D. 1849, (5 Tex. R., 329.) ami need not again be reviewed, a reference to which will show that the liability of these securities had ceased more than a year before the Cartwright judgments were obtained, and six years had elapsed after they were obtained before this suit was commenced. If those judgments arc still valid and subsisting after so great a lapse of time, -without efforts to satisfy them, under the facts 'presented the legal representative of Cartwright might well seek satisfaction out of the sale of the slaves that belonged to the estate of Webb, in defalcation of other properly out of which satisfaction could be obtained. For if it bo true (hat Jones be the universal legatee of Webb, the property was his, bur-thened with the payment of these debts. It is, however, a matter in which, from the fads stated in the petition, the present plaintiffs have no concern; and their petilion ought to have been adjudged bad on the general demurrer, ■as well as it might be in arrest of judgment, or on error assigned apparent on the record. Because, therefore, the demurrer was overruled and judgment was rendered erroneously in favor of the plaintiffs in the suit, the same, must be •reversed and (lie cause dismissed.
Reversed and dismissed.